IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEWAYNE A. MOORE, # S-14282, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-cv-1491-MJR |
| | ) |
| JEFF BULLARD, | ) |
| DARREN RICE, | ) |
| MT. VERNON POLICE DEPARTMENT, | ) |
| and JEFFERSON COUNTY, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Dewayne A. Moore,[1] currently incarcerated at Illinois River Correctional Center ("IRCC"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is currently serving a sentence for a drug offense on Jefferson County Case No. 17-CF-275. Plaintiff's Complaint (Doc. 1), which claims that he was subjected to an unlawful arrest and malicious prosecution for a murder charge in Jefferson County Case No. 16-CF-88, is now before the Court for a preliminary merits review pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be

---

[1] The online records of the Illinois Department of Correction reflect a different spelling of Plaintiff's first name (Dwayne). Plaintiff's conviction and sentencing information was found on the website of the Illinois Department of Corrections, Inmate Search page, http://www2.illinois.gov/idoc/Offender/Pages/ InmateSearch.aspx (Last visited Sept. 11, 2018). *See Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

1

granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

Applying these standards, the Court finds that some of Plaintiff's claims survive threshold review under § 1915A.

## The Complaint

Plaintiff's Complaint presents the following allegations: On February 27, 2016, Plaintiff was charged with 2 counts of First Degree Murder in Jefferson County Case No. 16-CF-88. (Doc. 1, p. 2). He was acquitted of all charges on or about November 23, 2016. Plaintiff remained in custody from his arrest until the end of his trial.

Discovery obtained by Plaintiff during his detention included witness statements that a different person had committed the murder, and revealed that no physical evidence linked Plaintiff to the crime. His arrest lacked probable cause. (Doc. 1, p. 2). Investigator Bullard knew or should have known of the lack of evidence. (Doc. 1, p. 3). Prosecutor Rice knew or should have known that there was insufficient evidence to pursue a case against Plaintiff. *Id.* Both officials fabricated the case against him, failed to adhere to policies, and discriminated against Plaintiff in pursuing the arrest and prosecution. (Doc. 1, pp. 2, 4-5). Bullard and Rice were employed by the Mt. Vernon Police Department and Jefferson County, respectively, and represented those entities in their actions. (Doc. 1, pp. 3-4).

While Plaintiff was held in the county jail for several months, he lost his employment and family support, and suffered severe headaches, nightmares, depression, and character defamation as a result of being prosecuted for a crime he did not commit. (Doc. 1, pp. 4-5). He seeks declaratory relief and money damages. (Doc. 1, pp. 6-7).

## Merits Review Pursuant to 28 U.S.C. § 1915A

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[2]

> **Count 1:** Bullard and Rice had Plaintiff arrested and detained on murder charges without probable cause, in violation of the Fourth Amendment;
>
> **Count 2:** Bullard and Rice maliciously prosecuted Plaintiff for murder without evidentiary support, in violation of the Fourteenth Amendment;
>
> **Count 3:** Bullard and Rice discriminated against Plaintiff in violation of the Fourteenth Amendment, by arresting, detaining, and prosecuting him for murder;
>
> **Count 4:** The Mt. Vernon Police Department and Jefferson County should be held liable for the actions of their respective employees, Police Investigator Bullard and State's Attorney Rice.

Count 1 shall proceed for further consideration. Count 2 shall be dismissed as duplicative of Count 1. Counts 3 and 4 shall be dismissed for failure to state a claim upon which relief may be granted.

## Count 1 – Unlawful Arrest & Detention

Based on the lack of physical evidence, and the witness statements pointing to a different person as the murderer, Plaintiff asserts that "there was never probable cause to arrest" him for the crime. (Doc. 1, p. 2). Plaintiff indicates that both Bullard and Rice were involved in initiating the arrest, and states that the Mt. Vernon Police Department was responsible for the

---

[2] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

arrest.

The Supreme Court recently held that a claim for unlawful pretrial detention based on fabricated evidence may be brought pursuant to the Fourth Amendment, and such a claim may encompass detention that continues beyond the start of formal legal process. *Manuel v. City of Joliet, Ill.*, __ U.S. __, 137 S. Ct. 911 (2017) (abrogating *Newsome v. McCabe*, 256 F.3d 747 (7th Cir. 2001), and *Llovet v. Chicago*, 761 F.3d 759 (7th Cir. 2017). *See also Hurt v. Wise*, 880 F.3d 831, 843-44 (7th Cir. 2018) (plaintiffs could proceed against officers on Fourth Amendment claim for false arrest and detention based on false/fabricated evidence).

The instant Complaint is silent as to the circumstances of Plaintiff's arrest, whether a warrant was obtained first, and what evidence was used to establish probable cause at that time. Plaintiff appears to base his conclusion that the arrest and detention lacked probable cause on the discovery he later obtained, which brought to light the lack of physical evidence against him and the witness statements pointing to another person as the perpetrator. He asserts, without going into specifics, that Bullard and Rice "fabricated a case against" him. (Doc. 1, p. 4).

If false or fabricated evidence was used to effectuate Plaintiff's arrest, Plaintiff would have a viable Fourth Amendment claim against the Defendants who fabricated the evidence. "The Fourth Amendment prohibits government officials from detaining a person in the absence of probable cause." *Manuel*, 137 S. Ct. at 918-19; *see also Stone v. Wright*, 734 F. App'x 989 (7th Cir. 2018) ("Wrongful arrest or detention creates a wrongful-seizure claim[.]"). On the other hand, if Plaintiff's arrest was based on some evidence that arguably amounted to probable cause, the arrest and pursuit of criminal charges would not rise to the level of a constitutional violation. "Probable cause is an absolute defense to claims of wrongful or false arrest under the

Fourth Amendment in section 1983 suits." *Ewell v. Toney*, 853 F.3d 911, 919 (7th Cir. 2017) (citing *Williams v. City of Chicago*, 733 F.3d 749, 756 (7th Cir. 2013)).

Plaintiff's continued detention until his acquittal at trial may also support a claim under the Fourth Amendment – if that ongoing detention was based on fabricated or false evidence. *Manuel*, 137 S. Ct. at 918-20 (continued confinement will violate the Fourth Amendment "when legal process itself goes wrong – when, for example, a judge's [or grand jury's] probable-cause determination is predicated solely on a police officer's false statements").

At this stage, the Court cannot determine whether or not Plaintiff's arrest or continued detention was based on probable cause. The fact that Plaintiff was ultimately acquitted does not answer this question, but only demonstrates that the evidence presented at trial failed to convince the jury of his guilt. Based on Plaintiff's assertion that evidence against him was fabricated, the claims in Count 1 for unlawful arrest and detention survive § 1915A review, and may proceed at this time against Bullard and Rice.

The Court recognizes that Rice would be entitled to immunity from suit as a prosecutor, if his involvement was limited to the exercise of prosecutorial functions. However, if he was involved in investigatory conduct that included fabrication of evidence, as the Complaint suggests, immunity for such actions may not apply. *See Fields v. Wharrie*, 740 F.3d 1107, 1114-15 (7th Cir. 2014). Dismissal of Rice on the basis of prosecutorial immunity is not appropriate at this early stage.

**Dismissal of Count 2 - Malicious Prosecution**

There is no free-standing federal constitutional claim for "malicious prosecution." *See Hurt v. Wise*, 880 F.3d 831, 843 (7th Cir. 2018) (discussing *Manuel v. City of Joliet* and *Newsome v. McCabe*, 256 F.3d 747 (7th Cir. 2001)). *See also Serino v. Hensley*, 735 F.3d 588,

593 (7th Cir. 2013) ("[T]here is no such thing as a constitutional right not to be prosecuted without probable cause. Thus, [a plaintiff] must allege something else that does amount to a constitutional violation (even if he calls it malicious prosecution)."). Illinois, however, recognizes a state-law tort of malicious prosecution. *See Treece v. Vill. of Naperville*, 903 F. Supp. 1251, 1257 (N.D. Ill. 1995) ("To state a claim for malicious prosecution under Illinois law, it must be alleged that: (1) plaintiff was subjected to judicial proceedings; (2) for which there was no probable cause; (3) defendants instituted the proceedings maliciously; (4) the proceedings were terminated in the plaintiff's favor; and (5) there was an injury.") (citations omitted).

The Supreme Court in *Manuel* clarified that the Fourth Amendment is the source of a claim for unlawful pretrial detention based on fabricated evidence, even where such detention continues through the eventual trial. *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 919 n.6 & 7 (2017). The Court further noted that "once a trial has occurred, the Fourth Amendment drops out" and any challenge to the sufficiency of the evidence supporting a conviction and ensuing incarceration falls under the Due Process Clause of the Fourteenth Amendment. *Manuel*, 137 S. Ct. at 920 n.8.

In the instant case, because Plaintiff's detention occurred prior to and during his trial, under *Manuel*, his federal constitutional claims for that entire period arise under the Fourth Amendment. (See Count 1 above). Because Plaintiff was not convicted of the murder charges and appears to have been released upon his acquittal, *Manuel* indicates that he does not have a Fourteenth Amendment due process claim. Indeed, the process that he received in his jury trial resulted in the favorable outcome of a not-guilty verdict, once all the evidence was presented. Further, any state-law malicious prosecution claim appears to be entirely duplicative of the Fourth Amendment claim in Count 1. For these reasons, Count 2 shall be dismissed from this

action without prejudice.

## Dismissal of Count 3 – Discrimination

Plaintiff characterizes his arrest and prosecution as "discrimination," but he does not elaborate on this statement or explain how his treatment amounted to discrimination. (Doc. 1, pp. 3, 4). A discrimination claim arises under the Equal Protection clause of the Fourteenth Amendment, and requires a showing of "intentional or purposeful discrimination" on the basis of a protected characteristic such as race or gender. "Discriminatory purpose, however, implies more than intent as volition or intent as awareness of consequences. It implies that a decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on the identifiable group." *Nabozny v. Podlesny*, 92 F.3d 446, 453-54 (7th Cir. 1996) (quoting *Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982)).

Here, Plaintiff fails to set forth any facts suggesting that he was singled out for adverse treatment because of his membership in some protected group. He therefore fails to state a discrimination claim upon which relief may be granted, and Count 3 shall be dismissed without prejudice.

## Dismissal of Count 4 – Municipal Liability

Plaintiff seeks to hold the Mt. Vernon Police Department liable for Bullard's allegedly unlawful acts, because Bullard was employed by that Department and acted on its behalf. (Doc. 1, pp. 3-4). He names Jefferson County as a Defendant on the same theory, as the employer of prosecutor Rice (but also identifies Rice as a state employee). *Id.* However, the employee-employer relationship alone is not sufficient to impose liability on a municipal entity in a civil rights action.

Governmental entities cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy. *Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 765 (7th Cir. 2006). *See also Monell v. Dept. of Soc. Serv.*, 436 U.S. 658, 694 (1978). "The 'official policy' requirement for liability under § 1983 is to 'distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *Estate of Sims ex rel. Sims v. Cnty. of Bureau*, 506 F.3d 509, 515 (7th Cir. 2007) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986)). *See also Lewis v. City of Chicago*, 496 F.3d 645, 656 (7th Cir. 2007) ("Misbehaving employees are responsible for their own conduct, 'units of local government are responsible only for their policies rather than misconduct by their workers.'" (quoting *Fairley v. Fermaint*, 482 F.3d 897, 904 (7th Cir. 2007))).

Plaintiff's Complaint does not include any factual allegations to suggest that Bullard arrested him pursuant to an official policy or procedure of the Mt. Vernon Police Department or the city of Mt. Vernon. Likewise, Plaintiff fails to identify or allege any policy promulgated by Jefferson County that caused Rice to violate his constitutional rights. To the contrary, Plaintiff alleges that Bullard and Rice acted in *violation* of unidentified policies in carrying out his arrest and prosecution. This, along with the absence of any indication that the Mt. Vernon Police Department or Jefferson County had some policy that led to a constitutional violation, defeats Plaintiff's claim against these municipal entities. Count 4 shall accordingly be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**Pending Motion**

Plaintiff's motion for recruitment of counsel (Doc. 3) is **DENIED** at this time without

prejudice.  There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006).  Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant.  *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013).

In determining whether to recruit counsel, the Court must examine (what are known as) the *Pruitt* factors and apply them to the specific circumstances of this case.  *Santiago v. Walls*, 599 F.3d 749, 760 (7th Cir. 2010).  The court must ask: "'(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'"  *Id.* at 761 (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)).  *See also Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).  The first prong of the analysis is a threshold question.  If a plaintiff has not made an attempt to obtain counsel on his own, the court should deny the request.  *See Pruitt*, 503 F.3d at 655.

Plaintiff's one-page motion contains no information whatsoever about any efforts Plaintiff may have made to obtain legal representation on his own.  (Doc. 3).  Therefore, the Court cannot conclude that he has made a reasonable attempt to find a lawyer.  Plaintiff likewise provides no information on his educational background, and states no reason why he could not represent himself at this stage.  Based on the Complaint, which is clear and understandable, it appears that Plaintiff is competent to litigate this matter on his own for now.

Although the motion is denied at this juncture, Plaintiff may renew his request for counsel if necessary, as the case progresses.  If he does so, he should attach copies of correspondence from at least 3 lawyers or law firms whom he has contacted in an effort to secure

legal representation (or at a minimum the names and addresses of attorneys he has contacted), in order to demonstrate a reasonable attempt to seek counsel.

## Disposition

**COUNT 2** is **DISMISSED** without prejudice as duplicative of Count 1 and for failure to state a claim under the Fourteenth Amendment. **COUNTS 3 and 4** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

Defendants **MT. VERNON POLICE DEPARTMENT** and **JEFFERSON COUNTY** are **DISMISSED** from this action without prejudice.

The Clerk of Court shall prepare for Defendants **BULLARD** and **RICE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the

Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 17, 2018**

                                                   s/ MICHAEL J. REAGAN
                                                   Chief Judge
                                                   United States District Court